R. B. BRADLEY et al., Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

UNITED STATES POSTAL SERVICE et al., Defendants-Appellees.

No. 76–3000
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 16, 1977.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Abe Dunn, Houston, Tex., Rokki Ford Roberts, Bellaire, Tex., for plaintiffs-appellants.

Edward B. McDonough, Jr., U. S. Atty., Mary L. Sinderson, Asst. U. S. Atty., Houston, Tex., Alexis Panagakos, Dept. of Justice, Washington, D. C., Leonard Schaitman, Atty., Civil Div., Irving Jaffe, Acting Asst. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., for defendants-appellees.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Plaintiffs, residents of "townhomes and/or single family dwellings in Harris County, Texas," brought this suit individually and on behalf of all others similarly situated, seeking injunctive relief from a policy of the United States Postal Service which denied them door-to-door delivery service, on the grounds that it deprived them of equal protection under the Constitution and that it was promulgated without a public hearing as required by 39 U.S.C.A. § 3661. The district court dismissed the complaint because of plaintiffs' failure to exhaust administrative remedies, 39 C.F.R. § 224.1(c)(5)(ii)(A) (1974), and because the delivery policy in question was constitutional. On appeal, plaintiffs concede the exhaustion issue, but assert that the district court erred in dismissing their suit without considering their claim under 39 U.S.C.A. § 3661. Because of plaintiffs' failure to exhaust administrative remedies and the inapplicability of this statute to the instant case, we affirm the district court's dismissal.

Under the Postal Reorganization Act of 1970, 39 U.S.C.A. § 3661, before the Postal Service may implement any "change in the nature of postal services which will generally affect service on a nationwide or substantially nationwide basis," it must request the Postal Area Rate Commission to render an advisory opinion on the change, which may issue only after an opportunity for a public hearing. This Court analyzed the scope of section 3661 in *Buchanan v. United States Postal Service*, 508 F.2d 259 (5th Cir. 1975), and held that three factors must coexist before this statute applies: (1) there must be a change in terms of a meaningful impact on services; (2) there must be an alteration in postal services; and (3) the change must affect service "on a nationwide or substantially nationwide basis." For at least one obvious reason, the requirements set forth in *Buchanan* are not met in this case. Nothing whatsoever in the complaint indicates that the change complained of affects service on a nationwide or substantially nationwide basis. Even reading plaintiffs' complaint in the broadest light as a class action encompassing all residents of townhomes and/or single family dwellings in Harris County, Texas, does not bring it within the requirement of a nationwide change.

Because the prerequisites to invoking the safeguards of section 3661 have not been satisfied, plaintiffs are not entitled to a public hearing under this statute. The order of the district court dismissing their complaint is

AFFIRMED.